## (August 9, 1982)

■ IRENE SULLIVAN, Respondent, v WALDBAUM, INC., Appellant. — Motion by appellant for reargument of its appeals from two orders of the Supreme Court, Westchester County, entered December 10, 1981 and February 3, 1982, respectively, or for leave to appeal to the Court of Appeals from an order of this court dated June 7, 1982, which determined said appeals. Motion denied. On the court's own motion, its decision and order, both dated June 7, 1982 (88 AD2d 932), are recalled and vacated and the following decision is substituted therefor: In a negligence action to recover damages for personal injuries, defendant appeals from (1) an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered December 10, 1981, which denied its motion for summary judgment and granted plaintiff's cross motion to strike defendant's answer unless it complies with plaintiff's previously served notices of discovery and inspection, (2) an order of the same court, dated January 14, 1982, which, *inter alia,* directed entry of a default judgment against defendant upon

its failure to comply with the discovery order, and (3) a third order of the same court, entered February 3, 1982, which denied defendant's motion to vacate the order dated January 14, 1982. Appeal from the order dated January 14, 1982 dismissed as untimely, without costs or disbursements. Order entered December 10, 1981 modified by (1) deleting the provision granting the cross motion and substituting a provision denying the cross motion, and (2) increasing the amount counsel for defendant is to pay counsel for plaintiff to $1,500. As so modified, order affirmed, without costs or disbursements. Order entered February 3, 1982, reversed, without costs or disbursements, and motion granted. Defense counsel's time to make the payment is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The parties are directed to proceed to trial as expeditiously as is practical. Plaintiff, an 84-year-old woman, fell and was injured as she was pushing a shopping cart belonging to defendant in a parking lot outside a store operated by defendant. She is not entitled to an order granting discovery and inspection of the shopping cart, since it has been, since shortly after the accident, impossible to determine which shopping cart she was pushing when she fell. Moreover, all of the shopping carts at the store in question have been continually available for inspection by plaintiff's attorney or her expert since the date of the accident. Accordingly, Special Term acted improvidently in directing defendant to comply with a notice of discovery with respect to the shopping cart, and then ordering entry of a default judgment upon its failure to comply. Given the advanced age and disabled condition of plaintiff, all pretrial proceedings and the trial of this action should take place as expeditiously as possible. In view of the repeated dilatory tactics of defendant's counsel over a prolonged period of time, we have increased the amount he is to pay to $1,500. Weinstein, O'Connor and Boyers, JJ., concur.

Gibbons, J. P., concurs as to the dismissal of the appeal from the order dated January 14, 1982, but otherwise dissents and votes to affirm the orders entered December 10, 1981 and February 3, 1982.